# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TOMMY RICE,
    Plaintiff,

v.

TRUTHFINDER, LLC;
CHECKPEOPLE, LLC;
NATIONS INFO CORP.
(d/b/a HOMEFACTS / REALTYTRAC);
PEOPLECONNECT HOLDINGS, INC.
(d/b/a INTELIUS / BEENVERIFIED),
    Defendants.

Case No: 5:25 CV 2784

JUDGE LIOI

Judge: MAG. JUDGE HENDERSON

FILED
DEC 23 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

Plaintiff Tommy Rice, proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This action arises from the publication, republication, and amplification of false criminal information about Plaintiff by Defendants, including false statements implying that Plaintiff committed a sexual offense involving a minor.

2. These statements are entirely false, have no factual or legal basis, and constitute defamation per se, false light invasion of privacy, and negligent or reckless publication.

3. Defendants operate interconnected people-search and background-report systems that present criminal history information to the public while obscuring the origin and verification of the data.

4. Plaintiff brings this action to stop the continued dissemination of false criminal information, to obtain damages, and to secure injunctive and declaratory relief.

---

## II. PARTIES

Plaintiff

5. Plaintiff Tommy Rice is an adult resident of Akron, Summit County, Ohio.

Defendants

6. Defendant Nations Info Corp. operates websites including HomeFacts.com and RealtyTrac.com, which aggregate personal data and display links to third-party background reports.

7. Defendant TruthFinder, LLC is a data broker that publishes and sells background reports containing criminal-history information.

8. Defendant CheckPeople, LLC is a data broker that publishes and sells background reports containing criminal-history information.

9. Defendant PeopleConnect Holdings, Inc., doing business as Intelius and BeenVerified, is a data broker that publishes and sells background reports containing criminal-history information.

10. Each Defendant acted individually and/or in concert in publishing, republishing, hosting, linking to, or failing to correct false criminal information concerning Plaintiff.

---

## III. JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

12. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides here and the harmful publications were accessed and caused injury here.

---

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Background

14. Plaintiff has never been convicted of, charged with, or investigated for any sexual offense involving a minor and is not a registered sex offender in Ohio or any other jurisdiction.

15. Plaintiff maintains family relationships, community standing, and employment interests that have been severely harmed by Defendants' publications.

---

## B. How the False Information Appears to the Public

16. When a user enters the search query "Tommy Rice Akron Ohio" into major search engines, the first result displayed is a webpage operated by Defendant HomeFacts.

17. The HomeFacts webpage displays Plaintiff's name in connection with purported sex-offender or criminal sexual conduct information.

18. The HomeFacts page contains hyperlinks redirecting users to background-report pages branded as TruthFinder, CheckPeople, Intelius, and/or BeenVerified.

19. HomeFacts thus functions as the initial display and amplification point, directing users to downstream background-report pages containing the same or similar false criminal allegations.

---

## C. Nature of the False Statements

20. The information presented falsely implies that Plaintiff committed a sexual offense involving a minor.

21. Such allegations are universally recognized as highly stigmatizing, damaging, and defamatory, and constitute defamation per se under Ohio law.

22. The statements are presented as factual criminal history, not opinion or speculation.

---

### D. Defendants' Roles (Pled in the Alternative)

23. Plaintiff does not know, and cannot know without discovery, which Defendant originated the false criminal data or how it entered Defendants' systems.

24. Upon information and belief, Defendants TruthFinder, CheckPeople, and PeopleConnect each:

a. published or hosted background-report pages containing the false information;
b. supplied, licensed, or syndicated the information to other Defendants;
c. received traffic, leads, or revenue generated from HomeFacts-based referrals; and/or
d. republished or amplified the information through partner networks.

25. Defendant HomeFacts displayed and amplified the false information by presenting it prominently and directing users to downstream reports.

26. Regardless of origination, each Defendant independently participated in the publication, republication, and continued dissemination of the false information.

---

### E. Continuing Publication and Failure to Correct

27. Plaintiff provided notice to one or more Defendants that the information was false.

28. Despite notice, the false information continued to appear, either directly on Defendants' sites or through rotating linked providers.

29. When one provider claimed removal or suppression, another provider appeared, presenting the same false information to users.

---

### F. Information Asymmetry

30. The precise data-sharing, syndication, and affiliate relationships among Defendants are exclusively within Defendants' control.

31. Plaintiff cannot access this information without discovery, but Defendants jointly benefited from and contributed to the dissemination.

---

### G. Damages

32. As a direct and proximate result of Defendants' conduct, Plaintiff suffered:

a. reputational injury;
b. emotional distress and humiliation;
c. loss of personal and professional opportunities; and
d. continuing harm due to ongoing publication.

---

## V. CAUSES OF ACTION

---

**COUNT I — DEFAMATION / DEFAMATION PER SE**

(Against All Defendants)

33. Defendants published and republished false statements implying Plaintiff committed a sexual offense involving a minor.

34. The statements were false, defamatory, and communicated to third parties.

35. The statements constitute defamation per se under Ohio law.

36. Defendants acted negligently, recklessly, and/or with actual malice, including by continuing publication after notice.

---

## COUNT II — FALSE LIGHT INVASION OF PRIVACY

(Against All Defendants)

37. Defendants placed Plaintiff in a false light by portraying him as a sex offender.

38. The portrayal would be highly offensive to a reasonable person.

39. Defendants acted with reckless disregard for falsity.

---

## COUNT III — NEGLIGENT / RECKLESS PUBLICATION AND FAILURE TO CORRECT

(Against TruthFinder, CheckPeople, and PeopleConnect)

40. Data-broker Defendants owed Plaintiff a duty to exercise reasonable care in collecting and correcting criminal-history data.

41. They breached that duty by publishing false information and failing to correct it after notice.

42. Plaintiff was harmed as a result.

---

## COUNT IV — DECLARATORY AND INJUNCTIVE RELIEF

(Against All Defendants)

43. Plaintiff seeks a declaration that the information is false and defamatory.

44. Plaintiff seeks an injunction requiring removal, correction, and cessation of further dissemination.

---

## VI. PRAYER FOR RELIEF

Plaintiff requests:

Compensatory damages

Presumed damages for defamation per se

Punitive damages

Declaratory relief

Injunctive relief

Costs and any other relief deemed just


---

## VII. JURY DEMAND

Plaintiff demands trial by jury.


Respectfully Submitted,

12-23-25

Tommy Rice, Pro Se
865 Grant St.
Akron, OH 44311